1 | DON A. HERNANDEZ, (SBN 125119)
   *dhernandez@zuberlaw.com*
2 | **ZUBER LAWLER & DEL DUCA LLP**
   777 S. Figueroa Street, 37th Floor
3 | Los Angeles, California 90017   USA
   Telephone:  (213) 596-5620
4 | Facsimile:   (213) 596-5621

5 | Attorneys for Plaintiff **ONLINE FLOWER SEARCH, LLC**

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10 | ONLINE FLOWER SEARCH, LLC,

11 | Plaintiff,

12 | v.

13 | FLORALSHIP, INC. and CHARLES M. JACKSON,

14 | Defendants.

Case No. 2:16-cv-08773-GW-E

[Assigned to Hon. George H. Wu, Courtroom 9D]

**DISCOVERY MATTER**

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Trial Date:        None Set

17 | Plaintiff Online Flower Search, LLC ("Plaintiff") and Defendants Floralship,

18 | Inc. and Charles M. Jackson ("Defendants") (each of the Plaintiffs and Defendants are

19 | individually referred to as a "Party" and all Plaintiffs and Defendants are referred to

20 | as "Parties"), by and through the undersigned counsel, hereby agree that information

21 | disclosed by any Party or Non-Party witness during this proceeding may be

22 | considered (1) **CONFIDENTIAL** or (2) **CONFIDENTIAL – FOR ATTORNEYS'**

23 | **EYES ONLY (trade secret/ commercially sensitive)** by a Party or Non-Party

24 | Witness.  To preserve the confidentiality of the information so disclosed, the Parties

25 | are hereby bound by the terms of this Order.  As used in this Order, the term

26 | "Information" covers documentary material, electronically stored information

27 | ("ESI"), testimony, and any other information provided during the course of this

28 | action.

1        This Order shall govern any Information produced in this action and

2    designated pursuant to this Order, including all designated discovery depositions,

3    all designated testimony depositions and declarations and affidavits, all designated

4    deposition exhibits and testimony exhibits, interrogatory answers, admissions,

5    documents and other discovery and testimony materials, whether produced

6    informally, as part of mandatory disclosures, or in response to interrogatories,

7    requests for admissions, requests for production of documents or other methods of

8    discovery.

9        This Order shall also govern any designated Information produced or provided

10   in this action pursuant to required disclosures under any applicable federal procedural

11   rule and any supplementary disclosures thereto.

12       This Order shall apply to the Parties and to any Non-Party from whom

13   discovery or testimony may be sought in connection with this proceeding and who

14   desires the protection of this Order.

15   **TERMS OF ORDER**

16       **1)**    **Classes of Protected Information.**  The terms of this Order are not to be

17   used to undermine public access to files. When appropriate, however, a Party or Non-

18   Party Witness, on its own or through its Attorneys, may seek to protect the

19   confidentiality of Information by employing one of the following designations.

20       a.    **CONFIDENTIAL** – Material to be shielded by the Court, the

21       Parties and the Parties' Attorneys from public access.

22       b.    **CONFIDENTIAL – ATTORNEYS' EYES ONLY (Trade**

23   **Secret/Commercially Sensitive)** – Material to be shielded by the Court and the

24   Parties' outside counsel from public access, restricted from any access by the Parties,

25   and available for review by **outside counsel, but not in-house counsel,** for the Parties

26   and, subject to the provisions of paragraphs 4 and 5, by Independent Experts or

27   Consultants for the Parties.   Such material may include the following types of

28   Information:  (1) sensitive technical information, including current research,

2

1   development and manufacturing information; (2) sensitive business information,
2   including highly sensitive financial or marketing information; (3) competitive
3   technical information, including technical analyses or comparisons of competitor's
4   products or services; (4) competitive business information, including non-public
5   financial and marketing analyses, media scheduling, comparisons of competitor's
6   products or services, and strategic product/service expansion plans; (5) personal
7   health or medical information; (6) an individual's personal credit, banking or other
8   financial information; or (7) any other commercially sensitive information the
9   disclosure of which to non-qualified persons subject to this Order the producing
10  Party reasonably and in good faith believes would likely cause harm.

11      **2)    Information Not to be Designated as Protected.**  Information may not
12  be designated as subject to any form of protection if it:  (a) is, or becomes, public
13  knowledge, as shown by publicly available writings, other than through violation of
14  the terms of this Order; (b) is acquired by a non-designating Party or Non-Party
15  Witness from a third party lawfully possessing such Information and having no
16  obligation to the owner of the Information; (c) was lawfully possessed by a non-
17  designating Party or Non-Party Witness prior to the opening of discovery in this
18  proceeding, and for which there is written evidence of the lawful possession; (d) is
19  disclosed by a non-designating Party or Non-Party Witness legally compelled to
20  disclose the information; or (e) is disclosed by a non-designating Party with the
21  approval of the designating Party.

22      **3)    Access to Protected Information.**  The provisions of this Order
23  regarding access to protected Information are subject to modification by written
24  agreement of the Parties or their Attorneys and approved by the Court.  Court
25  reporters, stenographers, video technicians or others who may be employed by the
26  Parties or their Attorneys to perform services incidental to this action will be bound
27  only to the extent that the Parties or their Attorneys make it a condition of
28  / / /

1   employment or obtain agreements from such individuals, in accordance with the

2   provisions of paragraph 4.

3        •    **Parties** are defined as including individuals, officers of corporations,

4               partners of partnerships, members of limited liability

5               companies/corporations, and management employees of any type of

6               business organization of the Plaintiffs and Defendants.

7        •    **Attorneys** for Parties are defined as including **in-house counsel** and

8               **outside counsel**, including support staff operating under counsel's

9               direction, such as paralegals or legal assistants, secretaries, and any

10             other employees or independent contractors operating under counsel's

11             instruction.

12       •    **Independent Experts or Consultants** include individuals retained by a

13            Party for purposes related to prosecution or defense of the action but

14            who are not current or former employees, officers, members, directors,

15            or partners of any Party, affiliates of any Party, or the Attorneys of any

16            Party or its affiliates, or competitors to any Party, or employees or

17            consultants of such competitors with respect to the subject matter of the

18            action.

19       •    **Non-Party Witnesses** include any individuals to be deposed during

20            discovery or trial, whether willingly or under subpoena issued by a

21            court of competent jurisdiction over the witness.

22     **Parties** <u>and</u> their **Attorneys** shall have access to information designated as

23   **CONFIDENTIAL**, subject to any agreed exceptions. **Outside counsel, but not in-**

24   **house counsel,** shall have access to information designated as **CONFIDENTIAL –**

25   **ATTORNEYS' EYES ONLY (trade secret/commercially sensitive).  Independent**

26   **Experts or Consultants, Non-Party Witnesses,** <u>and</u> **any other individual** not

27   otherwise specifically covered by the terms of this Order may be afforded access to

28   **Confidential** information in accordance with the terms that follow in paragraph 4.

Further, **Independent Experts or Consultants** may have access to **CONFIDENTIAL – ATTORNEYS' EYES ONLY (trade secret/commercially sensitive)** information if such access is agreed to by the Parties or ordered by the Court, in accordance with the terms that follow in paragraphs 4 and 5.

4)    **Disclosure to Any Individual.** Prior to disclosure of protected Information by any Party or its Attorney to any individual not already provided access to such Information by the terms of this Order, the individual shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that the Order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected Information until the Party or Attorney proposing to disclose the information has received a signed certification from the individual. A form for such certification, entitled Certificate of Compliance, is attached to this Order. *See* Exhibit A. The Party or Attorney receiving the completed form shall retain the original.

5)    **Disclosure to Independent Experts or Consultants.** In addition to meeting the requirements of paragraph 4, any Party or Attorney proposing to share disclosed Information with an Independent Expert or Consultant must also notify the Party who designated the Information as protected. Notification must be personally served or forwarded by certified mail, return receipt requested, or by email, and shall provide notice of the name, address, occupation and professional background of the Independent Expert or Independent Consultant.

The Party or its Attorney receiving the notice shall have ten (10) business days to object to disclosure to the Independent Expert or Independent Consultant. If objection is made, then the Parties must negotiate the issue in good faith before raising the issue before the Court. If the Parties are unable to settle their dispute, then it shall be the obligation of the Party or Attorney proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on

1  the efforts the Parties have made to settle their dispute. The Party objecting to

2  disclosure will be expected to respond with its arguments against disclosure or its

3  objections will be deemed waived.

4       **6)**    **Responses to Written Discovery.**  Responses to interrogatories under

5  Federal Rule 33 and requests for admissions under Federal Rule 36 (whether in a

6  paper or electronic form) and which the responding Party reasonably believes to

7  contain protected Information shall be prominently stamped or marked with the

8  appropriate designation from paragraph 1.  Any inadvertent disclosure without

9  appropriate designation shall be remedied as soon as the disclosing Party learns of its

10  error, by informing all adverse Parties, in writing, of the error.  The Parties should

11  inform the Court only if necessary because of the filing of protected Information not

12  in accordance with the provisions of paragraph 9.

13       **7)**    **Production of Documents.**  If a Party responds to requests for production

14  under Federal Rule 34 by making copies and forwarding the copies to the inquiring

15  Party, including ESI, then the copies shall be prominently stamped or marked, as

16  necessary, with the appropriate designation from paragraph 1.  If the responding

17  Party makes documents available for inspection and copying by the inquiring Party,

18  all documents shall be considered protected during the course of inspection.  After

19  the inquiring Party informs the responding Party what documents are to be copied,

20  the responding Party will be responsible for prominently stamping or marking the

21  copies with the appropriate designation from paragraph 1.

22       **8)**    **Depositions.**  Protected documents produced during an oral discovery

23  deposition or a discovery deposition upon written questions, or offered into

24  evidence during an oral testimony deposition, a testimony deposition upon written

25  questions, or testimony submitted by affidavit or declaration, shall be noted

26  appropriately as such by the producing or offering Party at the outset of any

27  discussion of the document or Information contained in the document.  In addition,

28  / / /

Case No. 2:16-cv-08773-GW-E
[PROPOSED] STIPULATED PROTECTIVE ORDER

1   the documents must be prominently stamped or marked with the appropriate

2   designation.

3        During discussion of any non-documentary protected Information, the

4   interested Party shall make oral note on the record of the protected nature of the

5   Information.

6        The transcript of any deposition (whether for discovery or testimony purposes)

7   and all exhibits or attachments shall be considered protected for 30 days following

8   the date of service of the transcript by the Party that took the deposition.  During that

9   30-day period, either Party may designate the portions of the transcript, and any

10  specific exhibits or attachments, that are to be treated as protected, by electing the

11  appropriate designation from paragraph 1. Appropriate stampings or markings should

12  be made during this time, if not already done so.  If no such designations are made,

13  then the entire transcript and exhibits will be considered unprotected.

14      **9)**   **Briefs.**  When filing briefs, memoranda, affidavits and/or declarations in

15  support of a motion, or briefs at final hearing, the portions of these filings that discuss

16  protected information, whether information of the filing party, or any adverse party,

17  or any non-party witness, should be redacted. The rule of reasonableness for redaction

18  is discussed in paragraph 12 of this Order.

19      **10)**   **Handling of Protected Information.**  Disclosure of Information

20  protected under the terms of this Order is intended only to facilitate the prosecution or

21  defense of this action. The recipient of any protected Information disclosed in

22  accordance with the terms of this Order is obligated to maintain the confidentiality of

23  the Information and shall exercise reasonable care in handling, storing, using,

24  disseminating, retaining, returning, and destroying the information.

25      **11)**   **Redaction; Filing Material with the Court.**  When a party or attorney

26  must file protected information with the Court, or a motion or final brief that

27  discusses such information, the protected information or portion of the motion/brief

28  / / /

Case No. 2:16-cv-08773-GW-E
[PROPOSED] STIPULATED PROTECTIVE ORDER

1   discussing the same should be redacted from the remainder. A rule of reasonableness
2   should dictate how redaction is effected.

3      Redaction can entail merely covering or omitting a portion of a page of
4   material when it is copied or printed in anticipation of filing but can also entail the
5   more extreme measure of simply filing the entire page under seal as one that contains
6   primarily confidential material. If only a sentence or short paragraph of a page of
7   material is confidential, covering that material when the page is copied, or omitting
8   the material, would be appropriate.

9      In contrast, if most of the material on the page is confidential, then filing the
10  entire page under seal would be more reasonable, even if some small quantity of non-
11  confidential material is then withheld from the public record. Likewise, when a multi-
12  page document is in issue, reasonableness would dictate that redaction of the portions
13  or pages containing confidential material be effected when only some small number
14  of pages contain such material. In contrast, if almost every page of the document
15  contains some confidential material, it may be more reasonable to simply submit the
16  entire document under seal. **Occasions when a whole document or motion/brief**
17  **must be submitted under seal should be very rare.**

18     Protected information, and pleadings, briefs or memoranda that reproduce,
19  discuss or paraphrase such information, shall be filed with the Court under seal. If
20  filed by mail, the envelopes or containers shall be prominently stamped or marked
21  with a legend in substantially the following form:

22                              **<u>CONFIDENTIAL</u>**

23         This envelope contains documents or information that are subject to a
24         protective order or agreement. The confidentiality of the material is to
25         be maintained and the envelope is not to be opened, or the contents
26         revealed to any individual, except by order of the Court.

27  / / /
28  / / /

1   **12)   Acceptance of Information; Inadvertent Disclosure.**  Acceptance by a
2   Party or its Attorney of Information disclosed under designation as protected shall
3   not constitute an admission that the Information is, in fact, entitled to protection.
4   Inadvertent disclosure of information which the disclosing Party intended to
5   designate as protected shall not constitute waiver of any right to claim the Information
6   as protected upon discovery of the error.  In the event a Party inadvertently files a
7   document containing protected Information, such party should immediately inform
8   the Court and take steps necessary to withdraw the document and resubmit a sealed or
9   a redacted, publicly available copy of such document.
10      If, through inadvertence, a producing Party provides any "CONFIDENTIAL"
11   or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" discovery material without
12   marking the Information as "CONFIDENTIAL" or "CONFIDENTIAL -
13   ATTORNEYS' EYES ONLY," the producing Party may subsequently inform the
14   receiving Party in writing of the "CONFIDENTIAL" or "CONFIDENTIAL -
15   ATTORNEYS' EYES ONLY" nature of the disclosed Information, and the
16   receiving Party shall treat the disclosed Information in accordance with this Order
17   after receipt of such written notice and make reasonable efforts to retrieve any such
18   material that has been disclosed to persons not authorized to receive the material under
19   the terms hereof.   A Party objecting to any such "CONFIDENTIAL" or
20   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall follow the
21   procedures set forth in paragraph 12 below.  Prior disclosure of material later
22   designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES
23   ONLY" shall not constitute a violation of this Order.
24      If a disclosing Party through inadvertence produces or provides discovery
25   material that it believes is subject to a claim of attorney-client privilege, work
26   product immunity, or any other privilege, the disclosing Party may give written notice
27   to the receiving Party that the discovery material is deemed privileged and that return
28   of the material is requested.  Upon such written notice, the receiving Party shall

1 immediately gather the original and all copies of the material of which the
2 receiving Party is aware and shall immediately return the original and all such copies
3 to the disclosing Party.

4    **13)    Challenges to Designations of Information as Protected.** If the Parties
5 or their Attorneys disagree as to whether certain information should be protected,
6 they are obligated to negotiate in good faith regarding the designation by the disclosing
7 Party. If the Parties are unable to resolve their differences, the Party challenging the
8 designation may make a motion before the Court seeking a determination of the
9 status of the Information.

10    A challenge to the designation of Information as protected must be made
11 substantially contemporaneous with the designation, or as soon as practicable after
12 the basis for challenge is known. When a challenge is made long after a designation
13 of Information as protected, the challenging Party will be expected to show why it
14 could not have made the challenge at an earlier time. The Party designating
15 information as protected will, when its designation is timely challenged, bear the
16 ultimate burden of proving that the Information should be protected.

17    **14)    Consequences of Unchallenged Overdesignations.** In the event the
18 Court determines that a Party has improperly overdesignated information as protected,
19 and a Party has not contested the overdesignation, the Court, on its own initiative,
20 may: (1) disregard the overdesignation for those matters which are improperly
21 designated; (2) issue an order to show cause why the submission should not be made
22 open to public view; (3) require a Party to unseal or reduce redactions by
23 redesignating as non-confidential the overdesignated Information and resubmit a
24 public copy, a properly designated copy or a redacted copy for public view; or (4) not
25 consider the improperly designated matter in rendering its decision. In the case of an
26 order to show cause, or request for resubmission of a filing for public view or with
27 proper designation, if no response is received, the Court may redesignate the
28 / / /

1   confidentially filed material as **CONFIDENTIAL** or as non-confidential and make it

2   available for public view.

3       **15)    Court's Jurisdiction; Handling Materials After Termination.** This

4   action is terminated only after a final order is entered and either all appellate

5   proceedings have been resolved or the time for filing an appeal has passed without

6   filing of any appeal.

7       The Parties may agree that archival copies of evidence, memoranda, discovery

8   deposition transcripts, testimony deposition transcripts, affidavits, declarations, and

9   briefs may be retained solely by **outside counsel**, subject to compliance with agreed

10  safeguards.  Otherwise, within 30 days after the final termination of this action, each

11  Party and their Attorneys, as well as any other persons subject to the terms of this

12  Order, shall return to each disclosing Party:  (1) all materials and documents,

13  including ESI, containing protected Information; (2) all copies, summaries, and

14  abstracts thereof; and (3) all other materials, memoranda or documents embodying

15  data concerning said material, including all copies provided pursuant to paragraphs 4

16  and 5 of this Order.  In the alternative, a Party or its Attorney may destroy such

17  materials rather than return them.  Additionally, Parties to this agreement are

18  precluded from disclosing orally or in writing any protected Information provided

19  during the course of this action once this action is terminated.

20      **16)    Other Rights of the Parties and Attorneys.** This Order shall not

21  preclude the Parties or their Attorneys from making any applicable claims of

22  privilege during discovery or at trial.  Nor shall this Order preclude the filing of any

23  motion with the Court for relief from a particular provision of this Order or for

24  additional protections not provided by this Order.

25      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26      **[SIGNATURES ON THE FOLLOWING PAGE]**

27

28

2460-1002 / 677067.1

Case No. 2:16-cv-08773-GW-E
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    Dated:  April 20, 2017                Respectfully submitted,

2
                                           **ZUBER LAWLER & DEL DUCA LLP**
3                                          DON A. HERNANDEZ (SBN:  125119)

4
                                           **THE SEIGEL LAW FIRM LLC**
5                                          MARK L. SEIGEL (SBN:  634617)

6

7                                  By:        */s/Don A. Hernandez*
                                           Attorneys for Plaintiff **ONLINE FLOWER**
8                                          **SEARCH, LLC**

9
     Dated:  April 20, 2017                Respectfully submitted,
10

11                                         **LAUSON & TARVER, LLP**
                                           ROBERT J. LAUSON (SBN:  175486)
12

13

14                                 By:        */s/Robert J. Lauson*
                                           Attorneys for Defendant **FLORALSHIP,**
15                                         **INC.**

16   Dated:  April 20, 2017                Respectfully submitted,

17
                                           **THE LAW OFFICE OF RICHARD R.**
18                                         **RICE**
                                           RICHARD R. RICE (SBN: 159315)
19

20

21                                 By:        */s/Richard R. Rice*
                                           Attorneys for Defendant **CHARLES M.**
22                                         **JACKSON**

23

24   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

25   DATED:  _4/20/17_

26                                         _____
                                           UNITED STATES MAGISTRATE JUDGE
27

28

2460-1002 / 677067.1                                        Case No. 2:16-cv-08773-GW-E
                                           [PROPOSED] STIPULATED PROTECTIVE ORDER

1    Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other
2  signatories listed, and on whose behalf this filing is submitted, concur in the filing's
3  content and have authorized the filing.
4
5
6                              By:    */s/Don A. Hernandez*
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

# EXHIBIT A

1
2

## EXHIBIT A:
## CERTIFICATE OF COMPLIANCE

3       Protected Information, in whole or in part, and the Information contained

4    therein which has been produced by the Parties in this action pursuant to the attached

5    Stipulated Protective Order has been disclosed to me, and by signing this Certificate

6    of Compliance, I acknowledge and agree that I have read, understand, and am subject

7    to the provisions of the Stipulated Protective Order and will not disclose such

8    protected Information in whole or in part or in any form or the Information contained

9    therein to any person, corporation, partnership, firm, governmental agency or

10    association other than those persons who are authorized under the Stipulated

11    Protective Order to have access to such information.

12    DATED: _____        _____

13                                               (Signature)

14                                         _____

15                                               Name (Print)

16
17
18
19
20
21
22
23
24
25
26
27
28

2460-1002 / 677067.1

Case No. 2:16-cv-08773-GW-E
[PROPOSED] STIPULATED PROTECTIVE ORDER

**PROOF OF SERVICE**

**Online Flower Search v. Floralship Inc. et al.**
**2:16-cv-08773-GW-E**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, CA 90017.

    On April 20, 2017, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Richard R. Rice, Esq.<br>Law Office of Richard R. Rice<br>1084 North El Camino Real, Suite B121<br>Encinitas, CA  92024<br>Telephone:  (760) 943-0100<br>Facsimile:  (760) 943-0942<br>*E-Mail:  rrrice@rrrlaw.net* | Attorneys for Defendant **CHARLES M. JACKSON** |
| Robert J. Lauson, Esq.<br>Lauson & Tarver LLP<br>880 Apollo St., #302<br>El Segundo, CA  90245<br>Telephone:  (310) 726-0892<br>Facsimile:  (310) 726-0893<br>*E-Mail:  bob@lauson.com* | Attorneys for Defendant **FLORALSHIP, INC.** |

    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on April 20, 2017, at Los Angeles, California.

*/s/ Alicia Navarro*
Alicia Navarro

2460-1002 / 677067.1

Case No. 2:16-cv-08773-GW-E
[PROPOSED] STIPULATED PROTECTIVE ORDER